UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SUSAN LASK

                                Plaintiff,

   -against-

DAVID P. FALLON, LAW OFFICE OF
DAVID P. FALLON, PLLC and SAIKAT
SINHA

                                Defendants.
-----------------------------------------------------------------x

Civil action No.2:24-CV-04751- RPK-JMW

DECLARATION IN SUPPORT

David P. Fallon, an attorney duly admitted to the practice of law in the State of New York and in the Eastern District of New York declares and affirms the following as true under the penalties of perjury:

1. I am a member of the firm Law Offices of David P. Fallon, PLLC and is a defendant in the above action.

2. I make this declaration in support of defendants David P. Fallon and the Law Offices of David P. Fallon, PLLC motion to dismiss the complaint on three separate independent bases under FRCP Rule 12(b): the lack of diversity given the court order submitted by plaintiff and signed by the court which establishes that all the parties are residents of New York, the failure to meet the $75,000.00 threshold required for diversity actions and the order of the New York State Supreme Court in a proceeding filed in February of 2024 involving the issues in this action.

3. Plaintiff filed a complaint on July 9, 2024. See ECF document #1 attached as exhibit A. Defendants David P. Fallon and the Law Offices of David P.

1

Fallon, PLLC filed an answer on July 31, 2024. See ECF document #5 attached as exhibit B. Without court permission or consent of defendants, plaintiff then filed an amended complaint outside of the permitted time frame to amend on 09/07/24. See ECF document #7 attached as exhibit C. Moving defendants filed an amended answer. See ECF document #9 attached as exhibit D.

4. Plaintiff then served defendant Sinha with the amended complaint. Defendant Sinha filed a pro se answer on 10/21/24. See ECF document #11 attached as exhibit E.

5. On 11/05/24 plaintiff submitted a proposed order to the court. See ECF document #14 and #15 attached as exhibits F and G.. That order was signed by the magistrate on 11/06/24. See ECF document #19 attached as exhibit H.

6. That order states that all the parties are citizens of New York. See paragraph I. D. of the order. See ECF document #19 attached as exhibit H.

7. This action arises from plaintiff's representation of defendant Sinha in a post judgment matrimonial proceeding in the Supreme Court of Suffolk County. Plaintiff is an attorney with her office located in Manhattan.

8. Sinha discharged plaintiff in March of 2023. After she was discharged, plaintiff filed a charging lien with the New York Supreme Court.

9. In February of 2024, Sinha submitted an order to show cause to the Supreme Court of Suffolk County. I represented Sinha in that proceeding. See proposed order with Sinha's affidavit and exhibits attached as exhibit I. The application requested the following:

a. Determining the attorney's fees, if any, that Susan Chana Lask, is entitled to due to her alleged representation of plaintiff;

b. Ordering the return of any attorney's fees paid to Susan Chana Lask by plaintiff if the previously paid fees are in excess of the court's determination as to what fees, if any, Susan Chana Lask, is entitled to in this matter;

c. such further relief deemed necessary by the court.

10. The order to show cause was granted and signed by Justice John Leo on February 9, 2024. See order to show cause attached as exhibit J.

11. Plaintiff filed a cross motion for sanctions against Sinha and me personally. See plaintiff's cross motion and supporting papers attached as exhibit K.

12. I filed papers opposing the sanctions request. See Sinha affidavit attached and memorandum of law attached as exhibit L.

13. On July 9, 2024 oral argument was held. Just prior to the hearing plaintiff withdrew her charging lien. She also filed this action on that day.

14. On November 12, 2024 Justice Leo issued a decision on the motion and cross motion. Justice Leo dismissed both the motion to determine attorney fees and the cross motion for sanctions. See exhibit O attached.

15. Plaintiff's amended complaint raised the same exact issues before the New York Supreme Court; plaintiff seeks her outstanding legal fees of $37,272.50 in her first three causes of action. In her fourth and fifth causes of action she claims the filing of the order to show cause in New York even though the court signed it was an abuse of process and a violation of NYS Judiciary Law 487 as a frivolous filing.

16. Based on the above undisputed facts, three independent reasons exist to dismiss the action.

17. The first reason is lack of diversity jurisdiction. For a court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000 and complete diversity of citizenship must exist. Complete diversity of citizenship occurs when a plaintiff and defendant are domiciled in the same state. Diversity jurisdiction is codified in Title 28, Section 1332 of the United States Code (28 U.S.C. § 1332(a)). Plaintiff's own proposed scheduling order submitted to the court and signed by the court lists the plaintiff and the defendants' citizenship as New York. See exhibit H. Plaintiff is bound by her own submission which the court adopted as a court order. Thus as the court order states all the parties are New York citizens, diversity does not exist under 28 USC 1332. This court does not have subject matter jurisdiction.

18. Second, her amended complaint (filed without court permission well after the date allowable) fails to meet the diversity threshold of $75,000.00. Her complaint is based on a claim for outstanding legal fees of $32,272.50. Again the complaint fails as a matter of law to meet the diversity threshold. Thus the complaint must be dismissed along with the related pendant claims for abuse of process and Judiciary Law breach.

19. Third, the claims raised by plaintiff in her fourth and fifth causes of action are also barred given the decision of Justice Leo in the Supreme Court of the State of New York that plaintiff's application was not frivolous and thus not sanctionable. That holding binds plaintiff as it establishes that the filing was

4

not without merit and not taken to harass or maliciously injure another as set forth in the NY Court Rules. See decision and order of Justice Leo attached as exhibit O which set forth the applicable standard. If the filing was without any merit the New York State Supreme Court would have issued sanctions. As plaintiff sought this relief in the State Court action she is bound by its holding. She cannot seek similar relief in this action.

20. The record shows that plaintiff's filings in this matter are done in bad faith. Ms. Lask was given the chance to withdraw this action as I sent a Rule 11 letter to her and her listed co-counsel. See letter attached as exhibit M. No response was received. Thus I had to make this motion once the pro se defendant was finally served and had answered and the decision issued by the NY Supreme Court. Plaintiff has sought federal relief despite knowing as an attorney that this court does not have subject matter jurisdiction. She has also tried to smear me personally by submitting to the court in paragraph 3 of her amended complaint an order that was subsequently vacated due to factual errors. A simple review of the New York efiling system would show that the order was vacated. See order vacating orders attached as exhibit A to my amended answer and attached as exhibit D. Yet she submitted the vacated order to this court despite the court record showing it was vacated for factual errors.

21. Ms. Lask has had previous issues in federal court with the validity of her actions resulting in a referral to the US Marshal. Justice Loretta A. Preska by order dated August 1, 2019 stated "in the Court's view, Ms. Lask has stalked

5

the Court and chambers staff." Judge Preska also found that "virtually every fact set out as to the Court's communications in Ms. Lask' letters is, at best, inaccurate". The court also stated that Lask "purports to have recorded one or both of her calls to Messrs. Kupiec and Wolinsky—possible an illegal and/or unethical act for a lawyer." Messrs. Kupiec and Wolinsky are former law clerks of Judge Preska. Judge Preska recused herself and referred the matter to the US Marshal. See court order attached as exhibit N.

22. Given the above, the court must dismiss the action. I note that lack of subject matter jurisdiction may be raised at any time including by the court on its own. I also have filed this motion as soon as the NY court issued its decision which is binding on plaintiff.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 12, 2024

LAW OFFICES OF DAVID P. FALLON, PLLC

By: _____
David P. Fallon, Esq.
53 Main Street
Sayville, New York 11782
631-567-0340
dfallon@davidfallonpllc.com

TO: Susan Lask, plaintiff
by ECF

Saikhat Sinha, defendant by mail and email