**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SUSAN LASK,

                              *Plaintiff*,

                           -against-

DAVID P. FALLON, LAW OFFICE OF DAVID P.
FALLON, PLLC, and SAIKAT SINHA,

                              *Defendants*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

                                                      **MEMORANDUM**
                                              **AND ORDER**
                            24-cv-04751 (RPK) (JMW)

**A P P E A R A N C E S:**

        Susan Chana Lask, Esq.
        **Law Offices of Susan Chana Lask**
        244 Fifth Avenue, Suite 2369
        New York, NY 10001
        *Appearing Pro Se, Representing Self*

        David P. Fallon, Esq.
        **Fallon & Fallon, LLP**
        53 Main Street
        Sayville, NY 11782
        *Attorney for Defendants David P. Fallon*
        *and Law Office of David P. Fallon, PLLC*

        **Saikat Sinha**
        65 Abbot Avenue
        Mastic, NY 11782
        *Appearing Pro Se*

**WICKS**, Magistrate Judge:

      Plaintiff Susan Lask ("Plaintiff" or "Lask"), a New York attorney domiciled in the State

of Florida, commenced this action on July 9, 2024 against Defendants David P. Fallon

("Fallon"), a New York attorney domiciled in New York, his law office, the Law Office of

David P. Fallon, PLLC, and Lask's former client, Saikat Sinha ("Sinha"), an individual

1

domiciled in New York (collectively, "Defendants"), alleging: (i) breach of contract against Defendant Sinha, (ii) quantum meruit against Defendant Sinha, (iii) account stated against Defendant Sinha, (iv) abuse of process against Defendants, and (v) a violation of New York Judiciary Law ("NYJL") Section 487 against Defendants, all arising out of Lask's prior representation of Sinha in a state court matrimonial proceeding, *Sinha v. Sinha*, Index No. 611274/2020, Supreme Court of the State of New York, Suffolk County (the "Matrimonial Proceeding"). (*See generally*, ECF Nos 1, 7.) Specifically, Lask alleges Defendant Sinha breached his retainer agreement with her and owes her $37,272.50, with interest accruing at .75% since March 2023, and Defendant Fallon violated NYJL Section 487 during his representation of Defendant Sinha against the Plaintiff, after Lask was discharged by Sinha in March of 2023. (*Id*.)[1]

On November 12, 2024, Defendants Fallon and the Law Office of David P. Fallon, PLLC (hereafter, the "Fallon Defendants") moved to dismiss all Counts asserted in Plaintiff's Amended Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). (ECF No. 21.) The Fallon Defendants subsequently moved to stay discovery pending the outcome of their Motion to Dismiss (ECF No. 32), and Defendant Sinha later joined in support of the Fallon Defendants' motion to stay on January 29, 2025. (ECF No. 37.)  Plaintiff vehemently opposes the motion to stay.  (ECF No. 36.)  Accordingly, now before the Court is Defendants' Motion to Stay (ECF Nos. 32, 37), which is opposed by Plaintiff (ECF No. 36.)  For the reasons stated herein, Defendants' motion to stay discovery pending the motion to dismiss (ECF No. 32) is **DENIED**.

---

[1] This action is predicated on diversity jurisdiction and the jurisdictional amount appears to be satisfied because of the claim for treble damages under the Judiciary Law discussed below.

# **BACKGROUND**

## I.    *Factual Background*

Plaintiff Susan Lask is a New York Attorney domiciled in the State of Florida. (ECF No.

7 at ¶ 6.)  Defendants are David P. Fallon, a New York attorney domiciled in New York (*id*. at ¶

7), his law office, the Law Offices of David P. Fallon, PLLC, doing business from its principal

office in Sayville, New York (*id*.), and Saikat Sinha, an individual domiciled in New York.  (*Id*.

at ¶ 8.)

Plaintiff alleges a contract existed between Plaintiff and Defendants Sinha pursuant to the

terms of a retainer (hereafter, the "Retainer Agreement") that included:

> a $28,500 initial flat fee retainer covering services from January 6, 2023 to February 8,
> 2023 limited to reviewing and digesting his extensive Divorce and Family Court and
> Google Drive files, advising Defendant Sinha on a strategy likely involving a new OSC,
> engaging in settlement discussions, research, [review bills from Defendant Sinha's then-
> attorney, Lou Simonetti], and communications to draft a letter regarding his alleged legal
> malpractice, and any additional services during that time would be charged at $950 an
> hour, and after February 8, 2023, a second retainer for services at $950 an hour would be
> paid.

(*Id*. at ¶ 125.)

Defendant Sinha agreed to the terms of the contract and affirmed his agreement by

paying the initial flat fee retainer on February 9, 2023, and part of the second retainer at $6,000

on March 5, 2023, pursuant to the contract terms emailed and mailed to him on January 6, 2023,

which he ultimately returned signed "as of January 6" on March 5, 2023. (*Id*.)  Plaintiff asserts

she performed services pursuant to the Retainer Agreement and Sinha has refused to pay. (*Id*. at

¶ 126-127.)  Plaintiff asserts Sinha therefore breached the Agreement and owes $37,272.50, with

interest accruing at .75% monthly since March of 2023.  (*Id*. at ¶ 128.)[2]

---

[2] Plaintiff asserts two other causes of action arising out of Sinha's alleged breach of the Agreement –

Plaintiff proceeded to file a charging lien in state court[3] and attempted to participate in a fee arbitration process with Defendant Sinha. (*Id.* at ¶ 115.)  Defendant Sinha backed out of those proceedings once he employed Defendant Fallon as his attorney. (*Id.*)[4]  Plaintiff alleges that Defendant Fallon proceeded to demand that she return all fees from her services for Defendant Sinha by "deliberately and knowingly mispresenting matrimonial law." (*Id.*)  On February 9, 2024, Defendant Fallon, on behalf of Defendant Sinha, presented an *ex parte* Order to Show Cause ("OSC") to State Supreme Court Justice John J. Leo in the Matrimonial Proceeding that Plaintiff was not a party to, demanding that Lask give back Sinha's fees. (ECF No. 22-16.)[5]

Specifically*,* Defendant Fallon made an application to Justice Leo to determine the attorney's fees that Plaintiff was entitled to for her prior representation of Defendant Sinha in the Matrimonial Proceeding, and Plaintiff filed a cross-motion for sanctions and fees against Defendant Sinha and Defendant Fallon. (*Id*.) On November 12, 2024, the Court ultimately determined that it lacked jurisdiction over Sinha's application against non-party Lask:

> This Court determines that it lacks jurisdiction over motion practice initiated by a former client against a former counsel who never appeared in the matter before this Court and is no longer the attorney of record in this case.
>
> As to the fee arbitration, Plaintiff maintains that he consented to fee arbitration believing that it would occur in New York County. Plaintiff did not consent to New York County hearing the fee dispute. As to the charging lien, such a lien is a security interest in the favorable result of litigation, giving an attorney equitable ownership in the client's cause

---

quantum meruit and accounts stated. (*Id.* at ¶ 129-139.)

[3] Lask later withdrew her notice of charging lien. (ECF No. 22-16 at 3.)

[4] Sinha discharged Lask in March of 2023, and, after she was discharged, Lask filed a charging lien with New York Supreme Court. (ECF No. 22 at 2, ¶ 8.)

[5] Specifically, in February of 2024, Sinha submitted an OSC, requesting the Court: (i) determine the attorney's fees, if any, that Lask is entitled to due to her alleged representation of Plaintiff, and (ii) order the return of any attorney's fees paid to Lask by Sinha if the previously paid fees are in excess of the Court's determination as to what fees, if any, Lask is entitled to. (ECF No. 22 at 2, ¶ 9 (a)-(c)..)

of action and ensuring that the attorney can collect his/her fee from the fund he has created for that purpose on behalf of the client.

Herein, neither Lask nor [Sinha] filed a petition. There is no identifiable fund in which to collect. Lask withdrew her notice of charging lien. Moreover, Lask never appeared in this case before this Court. Where an attorney never appeared in a proceeding, there is no jurisdiction upon an application seeking relief against that attorney.

(*Id*. at 2-3.) The Court additionally denied Lask's cross-motion for sanctions against Defendants Sinha and Fallon:

In its discretion, a court may award costs and financial sanctions against an attorney or party resulting from frivolous conduct. [22 NYCRR 130-1.1(c)(1)] provides that conduct is frivolous if it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law, or if it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another.

The decision whether to impose costs or sanctions for frivolous conduct is generally entrusted to the Court's sound discretion. Here [Sinha's] and counsel's actions do not rise to the level of conduct as contemplated by 22 NYCRR 130-1.1. Accordingly, it is ORDERED, non-party Lask's request seeking sanctions and fees against Plaintiff and his counsel, Fallon, is denied.

(*Id*. at 4) (internal citations omitted).

Plaintiff alleges abuse of process against Defendant Fallon and Sinha – asserting they obtained the OSC "with an intent to do harm to Plaintiff by interfering with her personal life, business and livelihood to have to defend against the patently false accusations against Plaintiff's good reputation and career as a licensed attorney in this state Defendants falsely accusing her of 'serious misconduct.'" (ECF No. 7 at ¶ 141-142.) Plaintiff further asserts the OSC "was filed with malice as the Defendants repeatedly and knowingly made material misrepresentations of both fact and law to deceive the court into signing the OSC[,]" and, "[b]y reason of Defendants' abuse of process, Plaintiff was forced to expend money for legal representation by retaining co-counsel and she expended her own valuable time providing legal services representing herself." (*Id*. at ¶ 147.)

5

Plaintiff further alleges Defendants violated NYJL § 487(1), which provides that:

> An attorney or counselor who…[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party… [i]s guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

NYJL § 487(1).

Plaintiff claims Defendant Fallon engaged in deceit and collusion, and consented to the deceit and collusion with Sinha, by scheming with Sinha to appear before Judge Leo, *ex parte*, knowing he had no jurisdiction to sign an OSC to make Plaintiff appear before him, and knowing that the OSC Fallon drafted and "filed was wholly false and fraudulent filed only to deceive the [C]ourt into issuing an order against Plaintiff as part of Defendants scheme to extort her from money she rightfully earned." (ECF No. 7 at ¶ 151.)

Overall, Plaintiff demands judgment against all Defendants as follows: (i) actual, compensatory and equitable damages in an amount to be determined at trial, but in any event no less than $75,000, and attorney fees and costs of this action; (ii) punitive damages because Defendants "acted willfully or wantonly and maliciously and they continued to do so to this date[;]"and (iii) prejudgment interest at the rate of 9% per annum. (*Id*. at ¶ 153.)

## II.    *Procedural History*

Plaintiff filed her original Complaint on July 9, 2024 (ECF No. 1), and then her Amended Complaint on September 7, 2024. (ECF No. 7.)  On October 4, 2024, Defendant Fallon filed a letter expressing intention to file a motion to dismiss the Amended Complaint and requesting to assign a District Judge to the matter.  (ECF No. 10.)  The Hon. Rachel P. Kovner was assigned to this matter on October 7, 2024. (ECF No. 10.)  The parties submitted a Proposed Scheduling Order dated November 5, 2024, wherein, according to Plaintiff, she listed her domicile as New

York by mistake. (ECF No. 15.)  The Scheduling Order was entered by the Court on November 6, 2024. (ECF No. 19.)

Discovery has already begun in the case. (ECF No. 18.)  Defendant Fallon filed his motion to dismiss the Amended Complaint on November 12, 2024. (ECF Nos. 21 ,22.)  Judge Kovner ordered Plaintiff to respond to this motion by December 4, 2024.  (*See* Electronic Order dated 11/13/2024.)   Defendant Sinha joined the motion to dismiss on November 15, 2024. (ECF No. 25.)  Plaintiff filed her opposition to the motion to dismiss on December 16, 2024.  (ECF No. 28.)  Defendant Fallon filed his reply to the Plaintiff's opposition to his motion on December 21, 2024.  (ECF. No. 29.)  Plaintiff moved for leave to file a sur-reply, but Judge Kovner denied that motion on December 23, 2024. (ECF No. 30; Electronic Order Dated 12/23/2024.)  Judge Kovner also denied Plaintiff's motion to strike affidavits in support of the motion to dismiss on January 10, 2025. (Electronic Order Dated 01/20/2025.)

Defendant Fallon filed his motion to stay discovery pending resolution of his motion to dismiss on January 16, 2025. (ECF. No. 32.)  On January 27, 2025, Plaintiff moved to amend her complaint and filed a response in opposition to the motion to stay discovery.  (ECF Nos. 34-36.)  On February 18, 2025, Defendant Sinha joined in support of the Fallon Defendants' motion to stay. (ECF No. 39.)

III.    ***The Parties' Contentions***

A.    ***Defendants' Motion to Stay***[6]

Defendants argue Plaintiff's claims will likely be dismissed such that a stay is warranted here. *First*, Defendants contend Plaintiff's Amended Complaint should be dismissed for lack of diversity jurisdiction. (ECF No. 22 at 4, ¶ 17.)  Defendants identify that Plaintiff's "own proposed scheduling order submitted to the [C]ourt and signed by the Court lists the Plaintiff and the Defendants' citizenship as New York[,]" and, therefore, because all parties are New York citizens, diversity does not exist under 28 U.S.C. Section 1332. (*Id*.)  Defendants further argue Plaintiff's Amended Complaint "(filed without permission well after the date allowable) fails to meet the diversity threshold of $75,000," as her Complaint is based on a claim for outstanding legal fees of only $32,272.50. (*Id*. at ¶ 18.)

*Second*, Defendants argue Plaintiff's claims for abuse of process and violation of NYJL § 487(1) are "also barred given the decision of Justice Leo in the Supreme Court of the State of New York that [Sinha's] application was not frivolous and thus not sanctionable[,]" which, according to Defendants, "binds [Lask] as it establishes that the [OSC] filing was not without merit and not taken to harass or maliciously injure another." (*Id*. at ¶ 19.)  Defendants maintain that if their OSC filing was without any merit, the New York State Supreme Court would have issued sanctions, and, as Lask "sought this relief the State Court action," she is "bound by its holding" and cannot "seek similar relief in this action." (*Id*.)

---

[6] Defendant Sinha, proceeding *pro se*, joined in support of the Fallon Defendants' motion to stay on January 29, 2025. (ECF No. 37.)  Sinha reiterates the Fallon Defendants' arguments in support of a stay, and further argues that "Plaintiff's demand for discovery and request for interrogatories are extremely broad, []burdensome, expensive and extremely time consuming." (*Id*. at 2). For example, Sinha argues that Plaintiff is demanding his "whole matrimonial filings from state court beginning around September 2020 until March 6, 2023" which, according to Sinha, "is unnecessary and burdensome, because [Lask] was only handling his post-judgment Custody modification which was first filed in May 2022, so [P]laintiff should not need any document before May 2022." (*Id*.)

Defendants further argue that a stay is warranted because: (i) "Plaintiff has served notices for discovery and requests for interrogatories that are quite broad that create quite a burden of response," (ii) "this matter is in the very beginning stages," and (iii) "no prejudice results to any party by waiting [to proceed with discovery] [pending] a decision on the motion [to dismiss]." (ECF No. 32 at 1.)

## B.    *Plaintiff's Response in Opposition*

Plaintiff objects to Defendants' request to stay discovery on three grounds. (*See generally*, ECF No. 36.)  *First*, she emphasized that she has always been domiciled in Florida and that it was a typo that made its way onto the Proposed Scheduling Order. (*Id*. at 2.)  And, Plaintiff contends she has demonstrated that under the NYJL § 487, Defendant Fallon would be liable for treble damages, which would surpass the amount in controversy required under diversity. (*Id*.)[7]  *Second*, Plaintiff rebuts the allegation that the State Court's judgment on the OSC in Matrimonial Proceeding had any *res judicata* effect on the instant action:

> Fallon's motion to dismiss focuses misrepresents that a state court decided the Judiciary Law 487 count. That is false because there was never a plenary action involving the parties or any of the counts in the complaint here. There was only a motion before a state court filed by Fallon that was rife with deceits of facts and law, which the state court found it lacked subject matter jurisdiction over, and consequently no personal jurisdiction over Plaintiff here, and in fact that state court confirmed only a plenary action can decide these issues. The law is clear that 'section 487 must be read to allow a plenary action for deceit, even where success on that claim might undermine a separate final judgment.'

---

[7] Plaintiff maintains "[t]he law is clear that Judiciary Law 487 damages are legal fees and expenses trebled" and she "does not have to qualify the exact amount because her original [C]omplaint and [Amended Complaint] both stated the amount was over the amount in controversy." (ECF No. 36 at 2-3.) Plaintiff further specifies that the legal fees requested at $27,320,00 x 3= $82,140.00, "satisfies the amount in controversy." (*Id*. at 3.)

(*Id.* at 3) (quoting *Urias v. Daniel P. Buttafuoco & Assocs., PLLC*, 238 N.E.3d 836, 842 (N.Y. 2024)).  Plaintiff also emphasized that discovery is not burdensome in these proceedings given that there are only two essential witnesses. (*Id.*)

## MOTION TO STAY: *THE LEGAL FRAMEWORK*

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"  *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court.[8]  That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion.  *Weitzner v. Sciton, Inc.*, No.CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).

Rather, the moving party must make a showing of "good cause" to halt discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006); Fed. R. Civ. P. 16(b)(4) (discovery schedule "may be modified only for good cause and with the judge's consent"); *Ass'n Fe y Allegria v. Republic of Ecuador*, Nos. 98 Civ. 8650 (BSJ), No. 98 Civ. 8693 (BSJ), 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999) ("Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action.").   In evaluating whether a stay of discovery pending resolution of a dispositive motion, courts typically consider: "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the

---

[8] Contrast this with New York state court practice which expressly provides for a stay of discovery pending the filing of a dispositive motion.  *See* N.Y. CPLR 3214(b) (automatic stay of "disclosure" upon service of dispositive motion).

motion." *Robbins v. Candy Digital Inc.*, No. 23-CV-10619 (LJL), 2024 WL 2221362, at *1 (S.D.N.Y. May 15, 2024) (internal citations omitted).

"Upon a showing of good cause[,] a district court has considerable discretion to stay discovery pursuant to Rule 26(c)." *Al Thani v. Hanke,* No. 20-CV-4765 (JPC), 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (alteration in original) (quoting *Republic of Turkey v. Christies, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)).  In assessing good cause, courts look to "the particular circumstances and posture of each case." *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437 (RJS), 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co*., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)).  *Au fond,* the specific facts, circumstances, and context of the case guide the Court in deciding whether discovery should be stayed.

It is against this backdrop that the present motion is considered.

## DISCUSSION

I. ***Strength of Defendants' Motion to Dismiss Plaintiff's Claim***[9]

A. ***Subject Matter Jurisdiction***

Defendants' grounds for dismissal are addressed *in seriatim*.  *First,* Defendants' argument that diversity jurisdiction here is lacking, based on a typographical error in a prior scheduling order listing New York as Plaintiff's domicile, is likely meritless. ECF No. 19. Plaintiff noted her domicile is Florida in her original complaint and her First Amended Complaint. ECF Nos. 1, 7.  This Court relies on the domicile proffered in those two pleadings

---

[9] The Court's consideration and analysis of the arguments set forth in Defendants' Motion to Dismiss is purely for purposes of weighing whether a stay should be granted.  This analysis should not in any way be construed as the Court prejudging the merits or predicting the outcome of the Motion to Dismiss which is pending before Judge Kovner for adjudication.

signed by the Plaintiff, as well as the recent Rule 7.1 Disclosure Statement recently filed by Plaintiff in another unrelated proceeding pending in the Southern District.[10]

*Second*, Defendants' argument that diversity jurisdiction is lacking due to Plaintiff's supposed failure to meet the amount in controversy is also likely meritless.  In Plaintiff's Amended Complaint, she sought "no less than $75,000" in "actual, compensatory, and equitable damages." ECF No. 7 at 32.  Furthermore, Plaintiff is also correct that based on Defendant Fallon's alleged violations of NYJL § 487, she would be entitled to seek treble damages that, when totaled, would reach "82,140.00." *See* ECF No. 36 at 3; *see also Kirk v. Heppt,* 532 F. Supp. 2d 586, 593 (S.D.N.Y. 2008) (finding that a party can recover treble damages in a civil action based on a violation of §487). The unambiguous language of the statute confirms: "an attorney or counselor who is guilty of any deceit . . . is guilty of a misdemeanor, and . . . forfeits to the party injured *treble* damages[.]" *See* NYJL §487 (emphasis added).  This is clearly enough to meet the amount-in-controversy requirement of 28 U.S.C. §1332. *See e.g., Juarbe v. Kmart Corp.*, No. 05-CV-1138, 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (internal citations and quotation marks omitted) (finding that a party need not prove the amount in controversy to an absolute certainty. Instead, a party has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount).

*Third*, Defendants' claim that this action is procedurally foreclosed by the state court's actions is likely incorrect.  Given that Defendants failed to identify what doctrine they were

---

[10] Of relevance to the instant motion to stay, Plaintiff was ordered to file a Rule 7.1 disclosure statement clarifying her domicile in a separate proceeding before the Southern District of New York. *See Lask v Rhee-Karn et al.*, Case No. 24-cv-02666, ECF No. 56.  That proceeding commenced in State Court on February 2, 2024, and was removed to federal court by the defendants on April 9, 2024. *See id.* at ECF No. 1 at 1.  In her Rule 7.1 Statement submitted to the Southern District, Plaintiff confirmed that she was *not* domiciled in New York both at the time of the filing of her state complaint and on the date removal was filed. *See id.* at ECF No. 62 at 3.

relying upon when arguing that the lower court's judgment precluded this action, this Court shall analyze the applicability of two inter-related doctrines: (i) the *Rooker-Feldman* abstention doctrine and (ii) *Res Judicata*.

The *Rooker-Feldman* abstention doctrine explicitly provides that "[f]ederal courts lack subject matter jurisdiction over cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Inn World Rep., Inc., Leonard C. LaBanco, Plaintiffs-Appellants, Thomas Kiely, Faith Kiely, John E. Morris, Plaintiffs, v. MB Fin. Bank NA, Fifth Third Bank, as successor in interest, Defendants-Appellees.*, No. 21-CV-2911, 2022 WL 17841529, at *3 (2d Cir. Dec. 20, 2022) ("*Inn World*") (internal quotation marks omitted); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citing 28 U.S.C. § 1257(a)) ("Underlying the *Rooker–Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions."). "The doctrine applies where: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff seeks district court review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced." *Inn World,* No. 21-CV-2911, 2022 WL 17841529, at *3.

Here, it does not appear that the *Rooker-Feldman* doctrine applies given that the state court did not squarely address the two claims Defendants argue are procedurally foreclosed: Plaintiff's claims for abuse of process and violations of NYJL § 487(1). (ECF No. 22 at 4.)  The state court merely stated that they did not have jurisdiction over the attorney's fees issue and denied Plaintiff's cross-motion for sanctions against Defendants Fallon and Sinha.  ECF No. 22-

16 at 4. This analysis would be vastly different had the state court ruled on Plaintiff's legal fees dispute on the merits or ruled that both the abuse of process claims and the §487 claims were baseless.  That is not the situation at hand.

Moreover, a simple application of the *Rooker-Feldman* doctrine factors clearly demonstrate its inapplicability here: (i) the federal-court Plaintiff lost in state court regarding *only* a sanctions cross-motion, which is not raised as a claim in federal court, (ii) the Plaintiff is not complaining of injuries caused by the state-court judgment; rather, they are complaining of Defendants' abuse of process and NYJL §487 violations (ECF No. 7), (iii) the Plaintiff is *not* seeking rejection of the state-court judgment, and (iv) the state-court judgment was rendered on November 12, 2024 *after* this federal court proceeding began on July 9, 2024. *See* ECF Nos. 1 and 22-16 at 4.  Thus, the only procedural question left is whether *res judicata* precludes this action.

The undersigned also finds Plaintiff's claims are likely not barred under *res judicata* (claim preclusion) and collateral estoppel (issue preclusion).[11] A "federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *O'Connor v. Pierson,* 568 F.3d 64, 69 (2d Cir.2009) (internal citation omitted).  To successfully prove the affirmative defense of *res judicata*, the party asserting the defense must show: "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; and (3) the

---

[11] Collateral estoppel prevents a party "from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002). The Second Circuit has consistently held that issue preclusion applies when four elements are satisfied: "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the part[ies] had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Wyly v. Weiss*, 697 F.3d 131, 141 (2d Cir. 2012) (internal citations omitted).

claims asserted in the subsequent action were, or could have been, raised in the prior action." *Mendez v. Pretium Mortg. Credit Partners I, Loan Acquisition, LP*, No. 21-CV-826(KAM)(JRC), 2023 WL 8283148, at \*5 (E.D.N.Y. Nov. 30, 2023) ("*Mendez*") (internal citations omitted) (collecting cases).

Under New York law, *res judicata*, also referred to as "claim preclusion," "bars future litigation of claims that were or could have been raised in a prior proceeding where that prior proceeding resulted in a final judgment on the merits." *Hourani v. Wells Fargo Bank, N.A.*, 158 F. Supp. 3d 142, 146–47 (E.D.N.Y. 2016) ("*Hourani*"). New York applies a transactional approach to *res judicata*, "meaning that 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.'" *Id.* at 147 (quoting *JP Morgan Chase Bank*, 822 N.Y.S.2d 122 (N.Y. App. Div. 2d Dep't 2006)).

Based on upon the foregoing, this Court determines that Justice Leo's November 12, 2024 Judgment does not meet the necessary elements to successfully assert the affirmative defenses of *res judicata* and collateral estoppel. *First*, the present action does not sufficiently meet the three-element test set forth *infra* for *res judicata*. Although the previous action involved the same parties, Defendants have not demonstrated that the Matrimonial Proceeding involved an adjudication on the merits of anything except for the cross-motion brought forth by Plaintiff. That cross-motion is not the subject of the present litigation. Defendants have also not shown that the claims asserted in this action were – or could have been – raised in the prior action, given that State Court only found it lacked jurisdiction over the OSC motion practice brought by Defendants. ECF No. 22-16 at 4. Given the lack of jurisdiction over the OSC filings, it remains unclear how the Plaintiff could have set forth the abuse of process and NYJL §487(1)

15

claims in the Matrimonial Proceeding.  Even under the New York approach, *res judicata* still requires a "prior proceeding [that] resulted in a *final judgment on the merits*." *Hourani*, 158 F. Supp. 3d at 146–47 (emphasis added).

*Second*, the undersigned finds that Defendants likely fare no better relying on the doctrine of collateral estoppel.  Once again, a simple application of the four elements for collateral estoppel will suffice: (i) Defendants have not shown that identical issues were raised in a previous proceeding, (ii) they have failed to adequately argue that the issues underlying this action were "actually litigated and decided in the previous proceeding," (iii) they have failed to show that the parties had a full and fair opportunity to litigate the issue, and (iv) they have failed to show that resolution of the issue was necessary to support a valid and final judgment on the merits. *See Wyly*, 697 F.3d at 141 (internal citations omitted).  Here, it appears that identical issues were not raised in the state proceeding, and the issues underlying this action were not litigated due to the absence of jurisdiction over the OSC motion practice. Once more, this analysis would differ if the Plaintiff merely attempted to relitigate the cross-motion Judge Leo denied on the merits in the state proceeding.  This case is not a recycled reiteration of Plaintiff's cross-motion seeking sanctions.

Plaintiff further argues that, at the very least, her NYJL § 487 claim is not procedurally foreclosed because such actions cannot be brought forth by motion. *See* ECF No. 36 at 3. Plaintiff is likely correct since the state case before Judge Leo was brought forth by motion, and not by a separate plenary action. *See e.g.,  Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2014 WL 6491281, at *7 (S.D.N. Y Nov. 20, 2014) ("[T]here is no legal basis to grant plaintiff the relief she seeks [under Section 487] by motion."); *see also Brake v. Slochowsky & Slochowsky*, LLP, 504 F. Supp. 3d 103, 116 (E.D.N.Y. 2020); *Klein v. Rieff*, 135 A.D. 3d 910, 911 (N.Y.

16

App. 2d Dep't 2016); *Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison LLP*, 629 F. Supp. 2d 259, 260 (S.D.N.Y. 2007).

For such claims, the complaining party must file and serve a complaint satisfying the standards of *Twombly* and *Iqbal, see Haggerty v. Ciarelli & Dempsey*, 374 Fed. App'x 92, 93 (2d Cir. 2010), and the defendant is entitled to the full panoply of rights accorded to parties to a civil litigation. *Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-CV-9612, 2024 WL 3824394, at *22 (S.D.N.Y. Aug. 14, 2024) (quotation marks omitted); *see also Urias v. Daniel P. Buttafuoco & Assocs.*, PLLC, 238 N.E.3d 836, 842 (N.Y. 2024) (finding that §487 "must be read to allow a plenary action for deceit, even where success on that claim might undermine a separate final judgment."). Therefore, a cross-motion that did not squarely address the merits of a §487 violation likely cannot suffice as an independent plenary action.

**B.**     ***The Merits of Plaintiff's Claims***

The Court additionally finds that Plaintiff's claims for breach of contract, abuse of process, and violation of the NYJL are likely to survive Defendants' Motion to Dismiss. Generally, to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. When considering a motion to dismiss under 12(b)(6), the Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the plaintiff." *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir.

17

2012).  However, this tenet does not apply to legal conclusions or "threadbare recitals of a cause

of action's elements."  *Ashcroft v. Iqbal*, 556 U.S. at 663.  Pleadings that offer only "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action will not

do."  *Twombly*, 550 U.S. at 555.  More is required.

 Here, assuming the truth of the allegations as the Court must at this stage, the

undersigned finds Plaintiff has likely stated a claim for breach of contract as against Defendant

Sinha.  In her Amended Complaint, Plaintiff  pled that both parties entered into a Retainer

Agreement for legal services that specified the amount of money to be paid, the services to be

rendered, and the rights and obligations of both parties. *See* ECF No. 7.  Defendant Sinha

willingly entered into such agreement and affirmed his agreement "by paying the initial flat fee

retainer on February 9 and part of the second retainer agreement . . . pursuant to the contract

terms emailed and mailed to him on January 6, which he ultimately returned signed 'as of

January' on March 5, 2023." *Id.* at 28-29.  Plaintiff kept a detailed log of her work for

Defendant Sinha and then Sinha refused to pay. *Id.*  To date, Plaintiff has not been paid $37,

272.50.  These proffered facts are likely sufficient to plead breach of contract under New York

law as asserted by the Plaintiff. *See e.g.*, *Dee v. Rakower*, 976 N.Y.S.2d 470, 474 (N.Y. App.

Div. 2d Dep't 2013) (To state a claim for breach of contract under New York law, a plaintiff

must allege: (1) the existence of a contract; (2) performance by the plaintiff; (3) defendant's

breach; and (4) damages resulting from the breach).[12]

---

[12] However, the Court notes that Plaintiff's other claims for quantum meruit and accounts stated will
likely be dismissed as duplicative of her breach of contract claim. *See e.g., Mid-Hudson Catskill Rural
Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) ("Having successfully
brought a breach-of-contract claim based on defendant's failure to compensate it for the services it
provided, plaintiff may not recover a second time through quantum meruit."); *see also BidSpotter, Inc. v.
Koster Indus., Inc.*, No. CV211726 (DG)(ARL), 2022 WL 282955, at *3 (E.D.N.Y. Jan. 3, 2022), report
and recommendation adopted, No. 21CV01726 (DG)(ARL), 2022 WL 280802 (E.D.N.Y. Jan. 31, 2022)
("The complaint in this action sufficiently alleges that a series of valid contracts existed between the

18

Plaintiff can also likely adequately state an abuse of process claim. Under New York law, "a malicious abuse-of-process claim lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Savino v. City of New York*, 331 F.3d 63, 76 (2d Cir. 2003) (internal citation omitted). The New York Court of appeals has made it clear that "[a] malicious motive alone ... does not give rise to a cause of action for abuse of process." *Curiano v. Suozzi,* 469 N.E.2d 1324 (N.Y. 1984). Thus, to successfully establish an abuse of process claim, a plaintiff must establish that the defendants had an improper *purpose* in instigating the action. *See Dean v. Kochendorfer,* 237 N.Y. 384, 143 N.E. 229 (1924) (distinguishing between improper motive and improper purpose and concluding that improper purpose is necessary to make out an abuse-of-process claim—improper motive is not enough). Here, Plaintiff has adequately pled that Defendants used the legal process, through their OSC filing, to primarily harass her and improperly extort earned legal fees. Plaintiff successfully alleges that the collateral objectives of harassment and extortion are "outside the legitimate ends of the process" given that the filing of a motion, without any basis in fact or law, could be reasonably interpreted as a vexatious fraud upon the court free of any legitimate purpose besides an intent to do harm.

Lastly, Plaintiff has also likely successfully alleged a violation of NYJL §487. In order to successfully assert a violation of this provision, a plaintiff must allege that "(1) defendant is guilty of deceit or collusion, (2) defendant had an intent to deceive the court or any party, and (3) that there were actual damages caused by the deceit or collusion alleged." *Bryant v. Silverman*, 284 F. Supp. 3d 458, 471–72 (S.D.N.Y. 2018). In addition, courts have added two requirements:

---

parties, which Koster breached, causing damage to BidSpotter. Since this dispute is governed by valid contracts, BidSpotter is not entitled to recover on an accounts stated theory.")

*first*, that the deceit is "extreme" or "egregious," and *second*, that, if the NYJL § 487 claim is brought in a lawsuit separate from the one in which the deceit allegedly occurred, the deceit be "merely a means to the accomplishment of a larger fraudulent scheme." *Makhnevich v. MTGLQ Invs., L.P.*, No. 19 CIV. 72 (AT) (SN), 2021 WL 3406484, at *9 (S.D.N.Y. Aug. 4, 2021) (internal citation omitted). Damages can include the costs of defending a litigation that is "grounded in a material misrepresentation of fact . . . [b]ecause in such a case, the lawsuit could not have gone forward in the absence of the material misrepresentation, that party's legal expenses in defending the lawsuit may be treated as the proximate result of the misrepresentation." *Id.* at *10.

Here, Plaintiff alleges that Defendant Fallon and Defendant Sinha engaged in deceit and collusion by appearing before Judge Leo knowing "he had no jurisdiction to sign an OSC" and knowing that the order was "wholly false and fraudulent" since it relied upon "false facts and law." ECF No. 7 at 32. Plaintiff further alleges Defendants' intent was to deceive Judge Leo into granting the OSC as part of their scheme to extort her legal fees, and that the OSC was "a means to the accomplishment" of Defendants' fraudulent scheme. *Id*. Additionally, Plaintiff alleges that she is entitled to treble damages of the counsel fees, disbursements, and costs she incurred defending against Defendants' OSC. *Id.* Lastly, this Court finds that filing a fraudulent OSC accusing an attorney of misconduct could likely qualify as an egregious act of deceit. Based on the weakness of Defendants' motion to dismiss, this factor weighs *against* granting the stay.

## II.    ***Breadth of Discovery Sought***

Defendants' discovery burden claims are not enough to warrant finding that Plaintiff's discovery requests would be too burdensome to comply with. This action involves only two essential witnesses — Defendant Fallon and Defendant Sinha — "intimately involved in the

same facts and jointly liable for causes of action." ECF No. 36 at 3; *see also Guiffre v. Maxwell*, No. 15 CIV. 7433 (RWS), 2016 WL 254932 (S.D.N.Y. Jan. 20, 2016) (denying a stay of discovery where the allegations "involve[d] a single claim against a single defendant, related to an ongoing series of events in which Defendant was alleged to be personally and intimately involved"); *see also Fahey v. Inc. Vill. of Manorhaven,* 22-cv-7041 (KAM) (JMW), 2023 U.S. Dist. LEXIS 25883, at *3 (E.D.N.Y. Feb. 15, 2023) ("Defendants do not sufficiently address the breadth of discovery or the burdens of responding to such discovery.").  Based on an insufficient showing of burden, this factor weighs *against* granting the stay.

### III.    *Prejudice to the Parties?*

There is a paucity of detail on the prejudice prong from the submissions on the motion. Neither set forth in any detail the extent of prejudice in this case.  From the few cogent arguments the parties did make, it appears that staying discovery would slightly prejudice Plaintiff given that they have "invested time in a discovery conference," exchanged Rule 26 preliminary discovery, and served discovery requests and deposition requests in January. ECF No. 36 at 3.  Defendants primarily argue that this matter is in the early stages and that no prejudice would result in simply waiting for a decision on their motion to dismiss. ECF No. 32 at 1.  Courts in this Circuit grant short stays that will be lifted upon the decision of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. V Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Given the cursory allegations of prejudice, Defendants are likely correct that a brief stay pending the resolution of

his motion would not be sufficiently prejudicial to warrant denying the stay. Accordingly, this factor cuts in *favor* of granting the stay.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Stay (ECF No. 32) is **DENIED.** The parties are directed to appear for an in-person Status Conference before the undersigned set for **March 14, 2025 at 12:00 PM** in Courtroom 1020 to address Plaintiff's Motion for Extension of Time to Complete Discovery at ECF No. 42 and to discuss discovery dates and deadlines in the case.

Dated:      Central Islip, New York
            February 28, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

22