UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SUSAN LASK,

                                *Plaintiff*,

-against-

DAVID P. FALLON, LAW OFFICE OF DAVID
P. FALLON, PLLC and SAIKAT SINHA,

                                *Defendants*.
-------------------------------------------------------------------X

**ORDER**
24-cv-4751 (RPK) (JMW)

**WICKS,** Magistrate Judge:

       Plaintiff Susan Lask ("Plaintiff") served document demands seeking, *inter alia*, files and documents relating to *Pro Se* Defendant Saikat Sinha's ("Sinha") divorce case for which Plaintiff, in her role as an attorney, was allegedly hired. (*See* ECF No. 48 at Exhibit B.) Plaintiff also served Sinha with a set of interrogatories seeking responses to, *inter alia*, all dates that Sinha communicated with Plaintiff in connection with a potential legal malpractice claim against Sinha's prior counsel. (*See id.* at Exhibit C.) Before the Court is a Motion for Protective Order filed by Defendant Sinha, opposed by Plaintiff. (ECF Nos. 48, 50.) In particular, Defendant Sinha seeks an Order to (i) compel "[P]laintiff to modify document demand [3]", (ii) "mark [his objection] for the records" as it relates to Plaintiff's third interrogatory; and (iii) "[a]dvice/order/warn that the parties (especially the plaintiff) to not engage in unnecessary threats which will help avoid any additional motion practice such as Order of protection etc. to protect my rights that will tie up the court's valuable time, delay and complicate the case further." (ECF No. 48 at 2.) To the contrary, Plaintiff argues that Sinha's request should be denied, the Court should compel Sinha to respond, and requests that the Court impose sanctions

on Sinha for "disobeying the court's second discovery Order." (ECF No. 50 at 5.) For the reasons set forth below, Defendant Sinha's Motion for a Protective Order is **DENIED**.

> Pursuant to Fed. R. Civ. P. 26:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 34 mandates production of responsive documents "in the responding party's possession, custody, or control[.]" Fed. R. Civ. P. 34(a)(1). Encompassed within this mandate is the obligation to make efforts to obtain information within its legal reach. That is, the party from whom documents are sought has the legal right to obtain the documents from a third party. If a party has the "practical ability to obtain and produce the documents" then it has "possession, custody, or control" over such document. *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472 (JGK) (KHP), 2022 U.S. Dist. LEXIS 154197, at *4-5 (S.D.N.Y. Aug. 26, 2022).

Defendant Sinha's first objection is to Plaintiff's document demand 3, which reads "[t]he entire NYSCEF file from the inception of your divorce case, which is the very first filing thereon, to March 6, 2023 when Plaintiff withdrew her appearance in that case, consisting of 124 filing to the date Plaintiff filed her appearance and all documents thereafter to March 6, 2023." (ECF No. 48 at Exhibit B.) Defendant Sinha argues that Plaintiff was not hired for his divorce case and rather, for a post judgment contempt. (*Id.* at 1.) Thus, Sinha contends that this demand is not proportionate and "out of scope." (*Id.* at 2.)

2

The undersigned finds this document demand relevant and proportionate to the needs of Plaintiff's case. *See* Fed. R. Civ. P. 26(b)(1). First, Plaintiff brought a claim of breach of contract against Sinha for unpaid legal fees relating to Plaintiff's representation in "a post-judgment matrimonial matter." (ECF No. 1 at ¶ 6.)  Moreover, Plaintiff states that "a full review by Plaintiff of that file was necessary to comply with ethical obligations requiring counsel to review the full history of proceedings relevant to a client's matter, which Plaintiff was retained to do and billed for." (ECF No. 50 at 4.) Plaintiff seeks the exact file that relates to the post judgment representation and thus, this would be relevant to her claim of breach of contract. Second, the NYSCEF file is necessary to understand the amount in controversy and the importance of the issues here, as it relates to the breach of contract claim. *See* Fed. R. Civ. P. 26(b)(1).

These documents are relevant, proportional and easily obtained for production.  Plaintiff, however, is first to make a good faith effort to obtain the documents herself through NYSCEF. To the extent that the NYSCEF documents are sealed, not available publicly or otherwise inaccessible to Plaintiff, then Defendant Sinha is directed to produce the files. Plaintiff shall on or before May 7, 2025, file on ECF a Declaration setting forth her efforts to obtain these documents from NYCEF.  If Plaintiff is unable to obtain those records, then Defendant Sinha shall produce them to Plaintiff on or before May 19, 2025.

Defendant Sinha's second objection is to Plaintiff's third interrogatory, which states "[l]ist all dates you had phone calls, texts, emails and any other communications with Plaintiff regarding your issue with former counsel Lou Simonetti, including your intent to obtain fees you paid him and wanting to sue him for legal malpractice, and include a brief summary of each communication." Specifically, Defendant Sinha requests that Plaintiff remove the phrase

3

"wanting to sue him for legal malpractice," from the interrogatory and for this Court to mark his objection "for the records." (ECF No. 48 at 2, Exhibit C.)

Plaintiff's third interrogatory likewise relates to the breach of contract claim and the legal representation that Plaintiff provided to Sinha. Here, the very scope of representation is disputed. There is no indication the parties had any other business or personal tranctions between them other than for representation. Accordingly, Defendant Sinha is directed to answer the third interrogatory.

Finally, Plaintiff requests9sanctions against *Pro Se* Defendant Sinha. On April 3, 2025, a Status Conference was held and the undersigned directed Plaintiff to serve demands on or before April 11, 2025, and for Defendants to respond on or before April 18, 2025. (ECF No. 47.) Defendant Sinha filed the instant Motion on April 14, 2025, and thus did not disobey this Court's Order as Plaintiff suggests. Therefore, Plaintiff's request for sanctions is denied. The parties are reminded that they have an on-going obligation to meet and confer and make good faith efforts to resolve discovery disputes. *See Williams v. E. Meadow Union Free Sch. Dist.,* No. 21-CV-3310 (NJC) (JMW), 2024 WL 4198503, at *4 (E.D.N.Y. Sept. 16, 2024) (explaining that the Federal Rules, Local Rules, and the undersigned's rules require parties to meet and confer in good faith before raising disputes with the Court.)

**CONCLUSION**

For the foregoing reasons, Defendant Sinha's Motion for Protective Order (ECF No. 48), is **DENIED**. Defendant Sinha is directed to respond to Plaintiff's discovery demands and interrogatories and produce documents on or before **May 19, 2025**. The parties shall file on ECF a joint status report on or before **May 23, 2025**, outlining what discovery remains in the case.

Dated: Central Islip, New York
April 28, 2025

S O  O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge