# Law Offices of
# SUSAN CHANA LASK

**244 Fifth Avenue, Suite 2369**
**New York, N.Y. 10001**

**(917) 300-1958**          www.appellate-brief.com

<u>VIA ECF</u>

June 30, 2025

Honorable Magistrate James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

      Re:  <u>Lask v Fallon and Sinha #24-cv-04751-JMW</u>

Dear Magistrate Judge Wicks:

   Pursuant to the Court's June 25, 2025 Order (DE 63), Plaintiff respectfully submits this unopposed motion to seal that Defendants affirmed at the status conference they will not oppose. Defendant Fallon's subsequent letter confirms that he joins in the sealing application and the referenced documents are "not part of the adjudicative process in this case." DE 64.

   Plaintiff moves to seal ▮▮▮▮ and redact paragraph ▮▮▮▮ because they are not judicial documents and no presumption of public access applies. The motion to dismiss to which they were attached has been withdrawn, and Defendant Fallon—who filed the documents—now confirms they are irrelevant to the adjudicative process and consents to their sealing. These materials serve no legal purpose, cause reputational harm, and fall squarely within the Second Circuit's guidance in *Brown v. Maxwell* that non-adjudicative filings are not entitled to a presumption of public access. Accordingly, Plaintiff requests that ▮▮▮▮ and ▮ be sealed in their entirety and that ▮▮▮ be refiled by Defendant Fallon with ▮▮▮▮ redacted.

1

I.  FACTS

On September 7, 2024, Plaintiff filed a First Amended Complaint ("FAC") asserting claims against Defendants Sinha and Fallon, including a Judiciary Law § 487 cause of action for deceits made by Fallon. DE 7.  Both Defendants answered without counterclaims. DE 9, 11.

On November 12, 2024, Defendant Fallon filed a defective motion to dismiss that lacked a memorandum of law in violation of L. Civ. R. 7.1(a), and relied on a six-page declaration bereft of any supporting law. DE 22.  By paragraph ▮ of that declaration, Fallon veered from any legal argument and injected inflammatory and irrelevant personal attacks against Plaintiff, citing a five-year-old ▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  He then attached the ▮▮▮▮▮▮▮▮▮▮.  ▮▮▮▮ Neither the complaint nor any exhibit therein made reference to this document.

Fallon's insertion of this recusal order served no purpose other than to embarrass and harm Plaintiff's professional reputation on this public docket.  It was unrelated to any element of the pending complaint and fell outside the scope of a motion to dismiss, which is limited to the four corners of the pleading. [1]



Plaintiff moved to ▮▮▮▮▮▮ ▮▮▮▮ and ▮▮▮▮▮▮▮▮. DE ▮▮.  Judge Kovner denied both motions, reasoning that a motion to ▮▮▮ is inapplicable to motion papers and that a motion to ▮▮ was denied because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to be adjudicated. See ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[1] *Ashcroft v. Iqbal,* 556 U.S. 662, 674, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009) (a court is limited to "only the allegations contained within the four corners of [a] complaint; resort to a "vast pretrial record" on [a]motion to dismiss was unnecessary."); *Bharucha v. Reuters Holdings PLC*, 810 F. Supp. 37, 40 (E.D.N.Y. 1993) ("the court must limit its analysis to the four corners of the complaint.")

Separately, on February 28, 2025, Magistrate Wicks denied Defendants' motion to stay discovery (DE 32), and found that Plaintiff's Judiciary Law § 487 and abuse of process claims were "likely successfully alleged" as Defendant Fallon "engaged in deceit and collusion by appearing before Judge Leo knowing "he had no jurisdiction to sign an OSC" and knowing that the order was "wholly false and fraudulent" since it relied upon "false facts and law." ECF No. 7 at 32." *Lask v. Fallon*, No. 24-CV-04751 (RPK) (JMW), 2025 WL 660289, at *6, *10 (E.D.N.Y. Feb. 28, 2025). It further found "that filing a fraudulent OSC accusing an attorney of misconduct could likely qualify as an egregious act of deceit." Id at *10. The decision relied on the FAC, not DE 22 or its exhibits, further demonstrating their irrelevance to any adjudication.

On May 23, 2025, the Court issued a text order withdrawing Fallon's motion to dismiss. From that point forward, the challenged documents ceased to serve any adjudicative purpose. At the June 25, 2025 status conference, Defendant Fallon confirmed he supports sealing, as reiterated in his June 27 letter that he joins in a motion to seal and his motion to dismiss containing the documents was "withdrawn and shall not be part of the adjudicative process." DE 64.

## II. ARGUMENT

### A. The Documents Are Not Judicial Documents

*Brown v. Maxwell*, 929 F.3d 41, 48-49 (2d Cir. 2019) directs that documents receive a lesser weight of presumption to public access "based on the extent to which they were relied upon in resolving [a] motion." A judicial document is defined as "relevant to the performance of the judicial function" if it would reasonably have the tendency to influence a district court's ruling on a motion…" Id. If it does not influence a ruling, then, as a matter of law, "no presumption of public access attaches." Id. Here, Fallon's motion to dismiss has been withdrawn, and he confirms ▇▇▇▇▇▇ and ▇▇▇▇▇ paragraph ▇, "shall not be part of the adjudicative process." DE 64.

Therefore, under *Brown*, these documents do not qualify as judicial documents because they are "not relevant to the adjudication" of any issue. Thus, as a matter of law, there is no presumption of public access and sealing is allowed.

Moreover, courts generally cite *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) when sealing is involved; however, *Brown*, at fn 12, clarified that *Lugosch*'s presumption of public access rests on the premise that parties may "be assumed to have supported their papers with admissible evidence and non-frivolous arguments," in summary judgment motions that require such evidence. That presumption does not apply here. Fallon's declaration was not a Rule 56 motion, and his use of ▇▇▇▇ was not based on legitimate legal argument for a motion to dismiss.

Magistrate Wicks' has acknowledged in multiple decisions that the presumption of access is not absolute. *Posada v. E. Coast Cap.*, No. 23-CV-01579, 2024 WL 4728633, at *2, *3 (E.D.N.Y. Nov. 8, 2024); *Separ v. Cnty. of Nassau*, No. 2:21-CV-00010, 2024 WL 4728592, at *2 (E.D.N.Y. Nov. 8, 2024); *Feltington v. Hartford Life Ins*. Co., No. 14-CV- 06616, 2021 WL 5577924, at *3 (E.D.N.Y. Nov. 30, 2021), aff'd, 586 F. Supp. 3d 146 (E.D.N.Y. 2022). In *Feltington*, the Magistrate quotes *Lugosch* and *Brown* confirming that a judicial document must be "relevant to the performance of the judicial function," and that mere filing does not invoke a presumption of access.

Here, the withdrawn motion to dismiss—and its offending ▇▇▇▇▇▇▇▇—fail the judicial document standard entirely, while Defendant Fallon now disavows the filing. Thus, nothing prohibits sealing the document and redacting its recitation at issue.

**B. Sealing Is Further Warranted to Prevent Abuse of the Docket**

Importantly, Magistrate Wicks found in *Reynolds v. Mercy Inv. Servs., Inc.*, No. 24-CV-0362 (NJC) (JMW), 2024 WL 496719, at *3 (E.D.N.Y. Feb. 8, 2024) that:

4

> "Whether the right of access to court proceedings and records is overcome **"depends on the nature of the proceeding, not on the personal characteristics of the litigant."** *Hartford Courant Co., LLC v. Carroll*, 986 F.3d 211, 219 (2d Cir. 2021)."

This motion to seal addresses Fallon's filings attacking personal characteristics of Plaintiff that, although false, never should have been in his ██████████ that states at ██████████ "█████████████████████████████████████████ions" and refers to her as ████████████████████████. Now he admits that was improper as:



> "I join in the application to sealing and redaction. Ms. Lask has informed me that the subject document was made without a hearing and an expert report was filed refuting that document and that nothing occurred thereafter in relation to the characterizations in that document." DE 64.

Indeed, Magistrate Wicks' recent finding in the case at bar "that filing a fraudulent OSC accusing an attorney [Plaintiff Lask] of misconduct [as the complaint alleges against Fallon] could likely qualify as an egregious act of deceit," comports with the Magistrate's concern in *Reynolds,* supra. that personal attacks are not tolerated and comport with the Magistrate's admirable support for a high level of ethics on the docket. *Lask*, supra at *10.

*Brown*, at 47, was concerned as well with preventing scurrilous filings and found that *Lugosch* never "adequately addressed the potential harms that often accompany such access," to the docket by persons who make spite filings, and that the presumption of public access exacerbates these harms as, for one thing, the filer knows that the public often believes that just because a document is filed then it must be true. *Brown* directs that the courts are responsible to protect the integrity of the judicial process from such filings, and should not allow their dockets to "become a vehicle for improper purposes", and reservoirs to gratify private spite or promote scandal. *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978).

To exemplify the courts' prohibition on unrelated cases raised to attack a litigant's character, federal courts routinely exclude evidence of other lawsuits due to the risk of unfair prejudice. *Board of Trs. of the AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A*., 860 F. Supp. 2d 251, 254 (S.D.N.Y. 2012); *Figueroa v. Boston Scientific Corp*., 2003 WL 21488012, at *4 (S.D.N.Y. June 27, 2003). Further, even if marginally relevant—which Fallon's filing is not—Rule 403 excludes evidence whose probative value is substantially outweighed by unfair prejudice, confusion or waste of time. Fallon's filing fits those descriptions exactly. These principles exist to prevent litigation of collateral issues that create exactly the sideshow that occurred here in Plaintiff's attempts to remove the irrelevant filing, that now Fallon disavows it.

Moreover, Fallon's filing of an unrelated ▮▮▮▮▮ with characterizations amounting to reputational harm to Plaintiff is subject to appeal -so the matter is not final.[2] This is exactly why unrelated matters should not be brought into other cases. But again, even having to inform this court of what is being appealed in another unrelated matter is of no relevance to this court, nor should time be wasted doing so, or for anyone to wonder what may or may not occur on appeal. It simply does not matter here. Hence, why ▮▮▮▮ must be sealed and ▮▮▮▮ ▮▮▮▮ redacted as Fallon agrees to.

**D**. **Factual Distinctions by Changed Circumstances Justify Sealing Now**

When Judge Kovner denied ▮▮▮▮▮▮▮▮, the motion to dismiss was still pending as a potential adjudicative matter as Judge Kovner stated "Defendant Fallon submitted ▮▮▮▮ as an exhibit in support of his ▮▮▮▮▮▮▮▮" to be adjudicated.[3] That is no longer the

---

[2] Attorneys have standing to challenge by appeal continuing reputational harm to them from an order, even after the case is settled. *SerVaas Inc. v. Mills,* 661 F. App'x 7, 9 (2d Cir. 2016). The Second Circuit will review orders that are not routine judicial commentary or criticism. *Keach v. Cnty. of Schenectady*, 593 F.3d 218, 219 (2d Cir. 2010).

case. The motion has been withdrawn, the parties have reached settlement, and Fallon has now expressly disclaimed DE 22-15. Thus, it does not satisfy the first prong of *Lugosch* requiring it to be a "judicial document." As *Brown* reiterates, "the mere filing of a document with the court is insufficient to render that paper a judicial document subject to the right of public access." 929 F.3d at 49. As a matter of law, if not relevant to a judicial function then there is no presumption of public access. Id.

Next, to clarify Judge Kovner's text order, it cites *Siomkos* as support for a filing already publicly made; however, that is meant in the context of a filing in the case at bar where the litigant appears, not a filing in an unrelated case from over five years ago that the litigant did not publish. Hence, *Siomokos* cites *United States v. Basciano*, No. 03-CR-929, 2010 WL 1685810, at *3 (E.D.N.Y. Apr. 23, 2010) that explains if a party themself makes something public they cannot later complain it should be sealed. In *Basciano*, that party made it public through his own filings in the case he appeared in that he had visitation issues with his son that he wanted those issues sealed, but that was found untenable when the case actually involved his request to expand his visitation that he repeatedly made public in that case. Here, Plaintiff never made an issue nor made it public in this case of an unrelated over five-year old ████████, nor would she considering the harm it would cause her by the characterizations she obviously objects to. Nor is it relevant in this case by any means. Additionally, *Siomokos* and *Basciano* specifically involved matters requiring an adjudication before the court, which this case does not involve any adjudicative function regarding the document and redaction at issue as Defendant Fallon has withdrawn the motion they were attached to.

Finally, although a settlement agreement is not determinative of sealing, in this case it is not irrelevant when it is established the document at issue does not qualify as a judicial document

now, or in the first place.  As it is black letter law that settlement is favored to bring finality, then sealing as requested by all parties would bring finality to this matter.  Otherwise, Plaintiff must file an appeal considering the reputational harm of the document on this docket (*SerVaas Inc,* supra.), that is absolutely irrelevant to this case and to the motion to dismiss when it was filed then and now that it is withdrawn.  An appeal could remand the matter back to this court, perpetuating it unnecessarily in face of settlement.  Finally, sealing will prevent abusing the docket with the scurrilous filing. *Brown*, supra. at 47.

### III.    CONCLUSION

Because ▮▮▮ and of ▮▮▮, paragraph ▮ serve no adjudicative function, have been disavowed by their filer, and cause reputational harm unrelated to the merits of this case, they are not judicial documents.  No presumption of public access applies, and sealing and redaction are narrowly tailored to eliminate immaterial, prejudicial content, consistent with the Court's prior Order (DE 63) and Second Circuit precedent.

A proposed order is as follows:

> "Sealing and redaction is granted as the documents at issue (i) were attached to a withdrawn motion, (ii) are immaterial to the claims in this action, (iii) will not be used in any adjudicative capacity, and (iv) Defendant Fallon, the filing party, joins in the request and confirms "they are not part of the adjudicative process." (DE 64).  Accordingly, the Clerk of the Court is directed that ▮▮▮ and ▮▮▮ shall be sealed in their entirety, and Defendant Fallon shall forthwith refile ▮▮ with paragraph ▮ redacted."

<br>

        Very truly yours,
        **LAW OFFICES OF SUSAN CHANA LASK**

        /s/ Susan Chana Lask
        **SUSAN CHANA LASK**