UNITED STATES DISTRICT
EASTERN DISTRICT OF NEW YORK

SUSAN LASK,

        Plaintiff,

   -against-

DAVID P. FALLON, LAW OFFICE OF
DAVID P. FALLON, PLLC and
SAIKAT SINHA,
                Defendants.

CASE No:24-cv-04751(RPK)

DECLARATION SUPPORTING MOTION

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.   I submit this declaration in support of the unopposed motion to seal the document at bar and redact a reference to it that Defendant Fallon attached to his withdrawn motion to dismiss—never adjudicated and now conceded by Fallon to be immaterial and not part of the adjudicative process. DE 64. As stated in the motion to seal, the document served no legitimate purpose in this case and was irrelevant from the outset. More troubling, it was filed to spite me—conduct that *Nixon*, 435 U.S. at 598, 98 S. Ct. at 1312, and *Brown* (2d Cir. 2019) expressly prohibit, holding that court dockets cannot "become a vehicle for improper purposes," including "to gratify spite or promote scandal."

2.   At his April 30, 2025 deposition, Fallon testified that he only learned of the five-year-old, unrelated ███████ he filed because attorney Douglas Dollinger contacted him and encouraged him to use it against me in this case. **Exhibit A** – 4/30/25 Fallon transcript.

3.   For years, Dollinger has interfered with my cases by contacting my clients, adversaries and even judges with false and inflammatory accusations against me. These disturbing and unsolicited communications have been repeatedly brought to my attention by those targeted.

4.     In 2012, Judge Barbara Jones controlled the docket by immediately *sua sponte* sealing one of Dollinger's *ex parte* submissions in which he falsely accused me of heinous criminal conduct. Years later, when I informed Judge Woods' that Dollinger uploaded confidential and privileged client communications to PACER to harass me, Judge Woods admonished him (as the issue was only about his upload), stating: "to the extent that it's ultimately determined that the disclosures in this instance are in violation of either a contractual or ethical obligation, consequences will flow from that." **Exhibit B-** 7/9/14 Transcript.

5.     Consequences did follow. Magistrate Judge Gorenstein sealed Dollinger's filings, disqualified him from the case, and Judge Woods dismissed his baseless complaint. See ██████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████
██████████

6.     Dollinger later encouraged my former client, Margaret Rhee-Karn, to file a copy-cat complaint, repeating the same false allegations that Judge Woods dismissed. Then Dollinger emailed a 195-page *ex parte* document to ████████████ containing more delusional accusations. Unlike Judges Woods, Gorenstein, and Jones, who sealed such accusations, ████████████ repeated them in her ████████████ issued only after I sought ████████████████. I will not address that here as the point is Mr. Fallon's improper republication of an irrelevant and unnecessarily harmful ████████████ - other than my rebuttal to the ████████████ mischaracterizations is supported by expert Peter Joy. **Exhibit C** ████████████████████ Nothing happened thereafter. However, that report does not exculpate the violations of *Nixon* and *Brown* by Fallon filing the recusal order here, that he now concedes should be sealed.

7.   Fallon's republication of that ███████ serves no purpose except to perpetuate Dollinger's vendetta. His filing was not connected to any legal argument, and he admits it was immaterial to his motion to dismiss.  The motive was spite.

8.   Finally, in 2024, Judge Karas confronted Dollinger for lying to the court and noted that he had already been sanctioned over $93,000 by the Ninth Circuit for fraud on the court. **Exhibit D**-3/19/24 Transcript, pp 19-22.  Dollinger then falsely accused Judge Karas of *ex parte* communications with me, which led Judge Karas to severely reprimand him for that false accusation, then disqualified Dollinger from the case. Id., see also *Empire Tr., LLC v. Cellura*, No. 24-CV-859, 2024 WL 4573989 (S.D.N.Y. Oct. 24, 2024). Similar to the disqualification Magistrate Gorenstein ordered of Dollinger, as stated above.

9.   These events exemplify how Dollinger has long used judicial dockets to harass and damage reputations. Fallon's filing is no different—it is a continuation of that pattern, and his willingness to act as Dollinger's conduit makes the need to seal this document even more urgent.

10.   Further, Fallon filed the document after I filed a Judiciary Law § 487 complaint against him. A complaint this Court found "likely successfully alleged" that Fallon "engaged in deceit and collusion" by filing an OSC in state court "based on false facts and law," and that "filing a fraudulent OSC accusing an attorney [me] of misconduct could likely qualify as an egregious act of deceit." *Lask v. Fallon*, No. 24-CV-04751 (RPK) (JMW), 2025 WL 660289, at *6, *10 (E.D.N.Y. Feb. 28, 2025).  This retaliatory act of filing the harmful ███████ adds insult to injury in a case about holding Fallon accountable for egregious conduct—as this court's decision recognized in *Lask v Fallon*, supra. - yet he does it again in the very case he is asked to stop.

11.  The harm is not mine alone. My clients have been directly harassed. The courts have been burdened by these disruptions. And while no other attorney has acted on Dollinger's instructions, Mr. Fallon has. That must end here.

12.  I have practiced law for over 36 years, representing consumers, civil rights plaintiffs, and underserved individuals.  From challenging Big Pharma (*Maineken v. Sanofi Aventis*), to single-handedly shutting down New York's foreclosure fraud law firm (*Campbell v Baum*), to arguing in the U.S. Supreme Court (*Florence v. Burlington*), to reshaping sexual harassment law in this Circuit (*Christiansen v. Omnicom*), and recently resolving a nationwide moving fraud case before Magistrate Judge Wicks (see News Week articles at http://bit.ly/4lGOR4y  and https://bit.ly/4lnsGRe ), my work is dedicated to social justice and protecting the public.

13.  Reputational attacks like this filing jeopardize not only my livelihood, but also the people and clients who depend on me. Dockets should never be used to drive clients away from a lawyer by scandal and defamation.  Fallon's filing has no place in this proceeding, regardless if the document is found somewhere else-it is plainly a vindictive filing having no business here.

14.  I respectfully submit that this Court has a duty to ensure its docket is not used for retaliation and personal vendettas. Sealing and redacting the document is necessary to preserve the integrity of this proceeding, prevent further abuse, and send a clear message that this Court will not tolerate such conduct.

15.  Two final points. First, I settled this case solely because I had just taken on representation of a mother with two severely autistic children, requiring nearly full-time commitment. Second, as Dollinger's broader conduct is being addressed elsewhere, this Court maintains its own independent responsibility under *Nixon* and *Brown* to safeguard its docket from exactly the misuse of it that happened here.

16.   The public has no interest in a smear campaign that undermines preservation of the judicial system's integrity.  With Fallon's consent, I respectfully request the Court to seal the subject filing and redact all references to it.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 6, 2025                          LAW OFFICES OF SUSAN CHANA LASK

/s/ Susan Chana Lask
By: Susan Chana Lask
244 Fifth Avenue, #2369
New York, NY 10001
917. 300-1958