UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
  SUSAN LASK,

                              *Plaintiff*,

              -against-

  DAVID P. FALLON, LAW OFFICE OF
  DAVID P. FALLON, PLLC. and
  SAIKAT SINHA,

                              *Defendants*.
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

24-CV-04751 (JMW)

**A P P E A R A N C E S:**

      Susan Chana Lask
      **Law Offices of Susan Chana Lask**
      244 Fifth Avenue, Suite 2369
      New York, NY 10001
      *Attorneys for Plaintiff*

      David P. Fallon
      **Fallon & Fallon, LLP**
      53 Main Street
      Sayville, NY 11782
      *Attorneys for Defendants David P. Fallon
      & Law Office of David P. Fallon, PLLC*

      *No Appearance by Pro Se Defendant Saikat Sinha*

**WICKS**, Magistrate Judge:

      Following resolution of this case, Plaintiff now seeks to seal a docket entry of an otherwise public record – a court decision issued by the Hon. Loretta Preska in an unrelated case that was filed in this case in support of an earlier motion to dismiss (ECF No. 22-15). This latest motion, filed at ECF No. 66, is unopposed (*see* ECF No. 64). However, this is not the first

1

attempt to remove or seal this document from the court record. Rather, it is the third. And in this case, three times is not a charm and must be denied (again).

In this latest motion, Plaintiff moved for the identical relief that was before the Hon. Judge Rachel P. Kovner (*see* ECF No. 41), which was denied. (*See* Electronic Order dated 2/28/2025.) In relevant part, Judge Kovner wrote:

> The challenged order, submitted as an exhibit in support of defendant Fallon's motion to dismiss, easily qualifies as a judicial document. … Plaintiff's motion does not address either of the [two remaining] criteria. The Court finds, however, that the weight to be accorded the presumption of public access is high, as '[t]he general and deeply rooted rule is that the presumptive right of access is afforded strong weight when applied to documents that play a central role in determining litigants' substantive rights—conduct at the heart of Article III.' *Mirlis* [*v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020)]. … And though plaintiff has not identified any countervailing factors counseling against disclosure, to the extent plaintiff asserts a privacy interest, '[t]he fact that a document has been publicly available weighs against restricting public access to it.' *Siomkos v. Nouinou*, No. 24-CV-10074 (LTS), 2025 WL 105677, at *2 (S.D.N.Y. Jan. 13, 2025).

But that's not all. That first application to seal was filed only after Judge Kovner denied Plaintiff's motion to strike the document from the docket. (*See* Electronic Order dated 1/17/2025) ("Plaintiff has provided no legal authority for her motion to strike"). Since those two rulings, only two circumstances changed, namely, the parties consented to the undersigned for all purposes pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c) (*see* ECF No. 58 and 59) and the case settled (*see* ECF No. 57). Plaintiff argues now that the case is resolved and that the documents requested to be sealed are "not part of the adjudicative process in this case" and so, the motion to seal should now be granted. For the reasons that follow, Plaintiff's Motion to Seal (ECF No. 66) is **DENIED**.

## DISCUSSION

The public right of access is embedded in our Country's history. Indeed, that concept existed well before the right appeared in our Constitution. "Judicial documents are subject at

2

common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution. That right includes 'a general right to inspect and copy' such judicial documents." *Mirlis v. Greer,* 952 F.3d 51, 58-59 (2d Cir. 2020) (internal citations omitted). "Let the people know the facts, and the country will be safe." Abraham Lincoln (1861).

It is by now axiomatic that there is a presumption of public access to judicial documents and records. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history"); *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, No. 24-CV-07058 (SJB) (JMW), 2025 WL 1384157, at *1 (E.D.N.Y. May 13, 2025). However, "the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon,* 435 U.S. at 598. Whether right of access to court proceedings and records is overcome, "depends on the nature of the proceeding, not on the personal characteristics of the litigant." *Hartford Courant Co., LLC v. Carroll,* 986 F.3d 211, 219 (2d Cir. 2021). It matters not that the parties agree amongst themselves to have documents sealed. Rather, the public's interest and right to judicial access is as much at stake.

This right, however, is not absolute as a party may move to seal judicial records. Yet motions to seal must be "'carefully and skeptically reviewed to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)); *see Lugosch*, 435 F.3d at 119. Indeed, "[t]he burden of demonstrating that a document submitted to a court should be sealed rests on the

3

party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted) ("The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection . . . broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test.").

The Second Circuit in *Lugosch* adopted a three-part analysis to guide district courts when determining whether documents filed in a case can and should be placed under seal. *See Suffolk Reg'l Off Track Betting Corp.*, 2025 WL 1384157, at *2; *see Lugosch*, 435 F.3d at 119–20; *see also King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010). *First*, the court "must determine whether documents are judicial documents that are relevant to the performance of the judicial function and useful in the judicial process." *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (internal quotation and citations omitted). *Second*, the Court must weigh the presumption of access attached to the documents in question. *See id.* (citing *Lugosch*, 435 F.3d. at 119–120). And *third*, the Court must use its discretion to determine "whether there are any countervailing concerns that would weigh against full public access to the documents." *See id.* (citing *Lugosch*, 435 F.3d. at 120).

Before considering each of the *Lugosch* factors, however, the question arises whether the prior rulings by Judge Kovner are "law of the case".

Parties chart their own procedural course. No viable grounds were offered justifying the filing of the third attempt to shield the filing from public view, and the Court finds no independent good cause. As the Hon. Arthur D. Spatt observed,

4

> "The 'law of the case' doctrine posits that if a court decides a rule of law, that decision should continue to govern in subsequent stages of the same case." *Sagendorf-Teal v. Cty. Of Rensselaer,* 100 F.3d 270, 277 (2d Cir. 1996) (quoting *DiLaura v. Power Authority of State of New York,* 982 F.2d 73, 76 (2d Cir. 1992)). "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *In re PCH Associates,* 949 F.2d 585, 592 (2d Cir. 1991) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478, at 788 (1981)).

*Hatteras Enters. Inc. v. Forsythe Cosmetic Group, Ltd.,* No. 15-CV-5887 (ADS)(ARL), 2016 WL 4083386, at *4 (E.D.N.Y. July 30, 2016).

This doctrine "counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *D'Iorio v. Winebow, Inc.*, 68 F. Supp. 3d 334, 359 (E.D.N.Y. 2014) (citing *Jackson v. New York State,* 523 Fed. Appx. 67, 69 (2d Cir. 2013) ("The Plaintiff apparently relies on the same arguments that she raised in opposition to the Defendant's motion to dismiss. Accordingly, the Court declines to reconsider its prior decision.")); *see also Elisa W. v. City of New York*, No. 15-CV-5273 (JAV) (SLC), 2025 WL 1479191, at *5 (S.D.N.Y. May 22, 2025) ("This doctrine warns courts against revisiting prior rulings in later stages of the same action—which is precisely what Plaintiffs seek to do—absent compelling reasons or the need to correct a manifest injustice.")

Indeed, "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964). As no good cause has been established for bringing this latest motion, which is more akin to a motion for reconsideration, the law of the case doctrine governs. The Court having visited this very issue now three times, finds once again, Plaintiff has failed to justify any "exceptional circumstances" that would allow

5

the undersigned to conclude otherwise or disturb Judge Kovner's prior rulings. *See Mazzei v. Money Store*, No. 22-1959, 2023 WL 6784415, at *3 (2d Cir. Oct. 13, 2023) ("This issue was decided at least four times, once by Judge Ellis, twice by Judge Koeltl, and then finally by this Court. *Mazzei*, 2014 WL 3610894; SPA 35–53; *Mazzei*, 308 F.R.D. 92; *Mazzei*, 656 F. App'x 558. And it was within the district court's broad discretion to conclude that the *Bigsby* evidence did not create an exceptional circumstance that would warrant revisiting the matter.")

Accordingly, since no tenable grounds are offered and no justification exists to depart from the Court's earlier rulings on both the motion to strike (ECF No. 31) and seal (ECF No. 41), this latest motion to seal is denied.

Apart from the application of the law of the case doctrine, consideration of each of the *Lugosch* factors to the circumstances presented here leads inescapably to the same result, namely, denial of the motion. Each of the *Lugosch* factors is addressed below.

## I.  *Whether the Documents are "Judicial Documents"*

"A judicial document is not simply a document filed with the court, but one that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Cantinieri v. Versick Analytics, Inc.*, No. 21-cv-6911 (NJC) (JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) (quoting *Lugosch*, 435 F.3d at 115) (citation omitted).

> As our precedent makes clear, a court "perform[s] the judicial function" not only when it rules on motions currently before it, but also when properly exercising its inherent "supervisory powers." A document is thus "relevant to the performance of the judicial function" if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision. Accordingly, if in applying these standards, a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches.

*Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (emphasis in original).

6

As such, judicial documents that are tantamount to performance of Article III functions likely carry a strong presumption of access whereas documents that are insignificant in helping a court reach an adjudicative decision demonstrate a low presumption of access. *See United States v. Amodeo*, 71 F.3d 1044, 1049–50 (2d Cir. 1995).

Generally, motions to dismiss have been deemed a judicial document. *See Desch v. Ulthera, Inc.*, No. 22-CV-2688 (HG), 2022 WL 2987084, at *1 (E.D.N.Y. July 28, 2022) (quoting *Alcon Vision, LLC v. Lens.com*, No. 18-CV-407, 2020 WL 3791865, at *6 (E.D.N.Y. July 7, 2020) ("Court filings in connection with a motion to dismiss are ... judicial documents, and are generally entitled to a strong presumption of public access.")); *see also Brown*, 929 F.3d at 50 (requiring "compelling" reasons to seal documents filed "in connection with dispositive motions such as motions for dismissal or summary judgment"); *Cantinieri*, 2024 WL 759317, at *3 (quoting *Bernsten*, 307 F. Supp. 3d at 166–67) (quoting *Lugosch*, 435 F.3d at 126) ("[j]ust as with documents submitted in connection with a Motion for Summary Judgment, documents filed in connection to a Motion to Dismiss 'are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment.'").

Here, Plaintiff seeks to seal an exhibit (ECF No. 22-15) to Defendants David P. Fallon's and Law Office of David P. Fallon, PLLC's ("Defendants") Motion to Dismiss (ECF No. 21) and redact paragraph 21 of Defendants' Declaration in Support of the Motion to Dismiss (ECF No. 22). (ECF No. 66 at 1.) Thus, these documents submitted in connection with their Motion to Dismiss, clearly satisfy the first part of the *Lugosch* test. *See TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 208–09 (E.D.N.Y. 2024) ("The Milestone Price List and TileBar Work Portfolio, which are submitted by Defendants in connection with their motions to dismiss, easily satisfy this threshold.")

However, Plaintiff argues that as the Motion to Dismiss (ECF No. 21) has been denied with leave to renew (Electronic Order dated 5/23/25) and subsequently withdrawn due to the settlement in principle (ECF Nos. 57, 64), the documents "are irrelevant to the adjudicative process … [and] serve no legal purpose." (ECF No. 66 at 1.) This is a matter of first impression to the undersigned. That is, when a document would be deemed a judicial document generally such as those filed in connection with a motion to dismiss but for the fact that the motion no longer is before the Court. The question becomes, does withdrawal of a motion change the nature of the original document(s) filed. It does not.

Indeed, if a case settles or otherwise is resolved prior to a Court's ruling on the merits of the motion, the condition of the filings remains that of a "judicial record." *See Bernstein*, 814 F.3d at 140 (collecting cases) ("The fact that a suit is ultimately settled without a judgment on the merits does not impair the "judicial record" status of pleadings.); *DXC Tech. Co. v. Hewlett Packard Enter. Co.*, No. 19-CV-7954 (VEC), 2019 WL 4621938, at *1, n.2 (S.D.N.Y. Sept. 11, 2019) (same).

In a case with a somewhat similar request, the Court denied a motion to seal. *See Sigma Lithium Corp. v. Gardner*, No. 23-CV-7403 (DEH), 2025 WL 1268311 (S.D.N.Y. May 1, 2025). In *Sigma Lithium Corp.*, Plaintiff requested to seal and redact exhibits and portions of its opposition brief, which the Court had previously denied. *Id.* at *7. Plaintiff suggested that the documents sought to be sealed should not be considered in ruling the dispositive motion and thus, are not judicial documents. *Id.* at *8. At the same time, Plaintiff requested to withdraw the documents in question and refile the brief. *Id.* The Court noted that "it is well-settled that documents submitted to a court for consideration in connection with a dispositive motion 'are— as a matter of law—judicial documents to which a strong presumption of access attaches.'" *Id.*

8

(citing *Lugosch*, 435 F.3d at 121). Thus, the Court could not "maintain the documents under seal while ignoring them." *Id.* Rather, the Court construed "Sigma's request to withdraw the exhibits as an admission that the arguments the exhibits purported to support are irrelevant to the Court's consideration of the Motion to Dismiss—essentially, frivolous." *Id.* Thus, the Court removed the documents by striking the exhibits and likewise denied Plaintiff's request for redactions as "nearly all of the material sought to be redacted [were] now publicly available in Defendants' reply brief." *Id.*

The documents in question here were submitted in connection with the motion to dismiss and have been available to the public since November 12, 2024. *See id.* Likewise, the documents were relevant when the motion was ripe for ruling. *See Samsung C&T Am., Inc. v. Tommy Bahama Grp., Inc.*, No. 20-CV-10348 (JPC), 2022 WL 624555, at *1 (S.D.N.Y. Mar. 3, 2022) ("In doing so, the Court found that the redactions requested by Tommy Bahama were not relevant to the disposition of Samsung's motion for partial judgment on the pleadings and contained confidential and sensitive commercial information.")

Therefore, the documents remain deemed as judicial documents. As such, the Court next considers whether there is a presumption of access associated with the documents and whether there are any countervailing concerns. *See Lugosch*, 435 F.3d at 119.

## II.     *Presumption of Access Associated with the Documents*

Judicial documents are presumptively subject to public inspection. *Amodeo*, 71 F.3d at 1047. "The presumption of public access exists along a continuum." *Olson v. Major League Baseball*, 29 F.4th 59, 89 (2d Cir. 2022). "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,'… and is weaker where the 'documents play only a negligible role in the performance of Article III duties[.]'" *Id.* (citing *Amodeo*, 71 F.3d at 1049-50).

9

Indeed, where documents "directly affect an adjudication," or are used to determine the substantive rights of the parties, the presumption of access is "at its zenith" and can only be overcome by extreme circumstances. *42West LLC v. Gould*, No. 21-CV-1581 (OTW), 2024 WL 4263235, at *2 (S.D.N.Y. Sept. 20, 2024). With that, the presumption to public access here is strong. *See Olson*, 29 F.4th at 90 (2d Cir. 2022) (citing *Brown*, 929 F.3d at 50) ("Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."); *see also Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18-CV-11386 (VSB) (KHP), 2023 WL 7126251, at *2 (S.D.N.Y. Oct. 30, 2023) ("Because a Motion to Dismiss is potentially dispositive of a party's claims, a strong presumption of public access attaches to these documents.")

Accordingly, the presumption of access to the documents requested to be sealed are "at its zenith" and the Court must now analyze whether any countervailing concerns overcome such a high presumption of accessibility to justify the exhibits to the motion to dismiss being filed under seal. *See Greater Miami Baseball Club Ltd. P'Ship. v. Selig*, 955 F. Supp. 37, 39 (S.D.N.Y. 1997) ("Only where countervailing considerations of privacy are sufficient to overcome the presumption may the [parties] be denied access to such documents.")

### III.   *Countervailing Concerns to Overcome the Presumption*

To overcome the presumption of public access, the party seeking to seal bears the burden of showing that countervailing, "substantial interests" outweigh the presumption. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Substantial interests generally include "a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." *Id.* at 647. When analyzing whether countervailing concerns, like privacy interests, outweigh the presumption of access, courts should consider the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of

10

injury that may result from disclosure, and the reliability of such information. *See Suffolk Reg'l Off Track Betting Corp.*, 2025 WL 1384157, at *3 (citing Amodeo, 71 F.3d at 1050-51). When these factors "outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Forbes IP (HK) Limited v. Media Business Generators, S.A. de C.V.*, No. 23-CV-11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024) (citation omitted).

Here, the general countervailing concerns such as privacy interests, public safety or preservation of attorney-client privilege are not discussed. Rather, Plaintiff offers that the sealing of these documents would address Defendants' attacks on Plaintiff. (ECF No. 66 at 5.) Moreover, Plaintiff cites to *Brown*, for the proposition that Courts should prevent their dockets from "becom[ing] a vehicle for improper purposes." *Brown*, 929 F.3d at 47. However, *Brown* also discussed that the presumption of public access is high in connection to dispositive motions and that the District Court must conduct a "particularized review" when determining if the "public access outweighs any countervailing privacy interests." *Id.* at 49-51.

Plaintiff also discusses the reputational harm that will occur if this motion is denied. (ECF Nos. 66 at 6, 8; 69 at 4.) Notably, Courts have held that protecting reputation is not enough to overcome public access. *See Lewis v. Laz Parking Ltd., LLC*, No. 25-CV-02341 (MMG), 2025 WL 1184553, at *2 (S.D.N.Y. Apr. 23, 2025) (collecting cases); *Badinelli v. Tuxedo Club*, No. 15-CV-06273 (VLB), 2018 WL 6411275, at *2 (S.D.N.Y. Dec. 6, 2018) (denying motion to seal) ("Protection against the possibility of future adverse impact on employment does not overcome the presumption of public access."); *Zabolotsky v. Experian*, No. 19-CV-11832 (GHW), 2021 WL 106416, at *3 (S.D.N.Y. Jan. 12, 2021) (denied motion to seal after Plaintiff argued it was "for the sake of [her] livelihood and professional and personal reputation") ("It is well-settled

11

that neither generalized concerns of adverse publicity nor the possibility of future adverse impact on employment outweigh the presumption of public access") (internal quotation marks and citation omitted).

Finally, "once '[t]he genie is out of the bottle,' the Court does 'not [have] the means to put the genie back.'" *Moore v. Experian*, No. 23-CV-673 (PAE) (SLC), 2023 WL 7491515, at *1 (S.D.N.Y. Nov. 9, 2023) (citing *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)). As previously noted, these documents were filed on November 12, 2024. Failure to take prompt action in requesting that public documents be sealed may, alone, be a justifiable reason to deny a motion to seal. *Rollag v. Cowen Inc.*, No. 20-CV-5138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020) (citing *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019)).  This is Plaintiff's second request to move to seal the same documents. (*See* ECF Nos. 41, 66.) The first request came three months after the filing and now, this request nearly eight months later. (*See id.*)

Accordingly, Plaintiff has not overcome the presumption of public access, and the Motion to Seal is denied.

## CONCLUSION

Based upon the foregoing, Plaintiff's Motion to Seal (ECF No. 66) is **DENIED**.

Dated: Central Islip, New York
       July 11, 2025

**S O  O R D E R E D:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge
