Law Offices of
# SUSAN CHANA LASK

*244 Fifth Avenue, Suite 2369*
*New York, N.Y. 10001*

(917) 300-1958     www.appellate-brief.com

<u>VIA ECF</u>
July 11, 2025

Honorable Magistrate James M. Wicks
United States District Court-Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: Lask v. Fallon, No. 24-CV-04751
<u>Letter Preserving Objection to July 11, 2025 Order (ECF 81)</u>

Dear Judge Wicks:

   I respectfully submit this letter to preserve my objection to the Court's July 11, 2025 Order (ECF 81) denying a motion to seal Defendant Fallon's filing, which he has since withdrawn and disavowed. I understand from the decision that the Court does not wish to entertain further briefing on this issue. For clarity, this letter does not seek reconsideration and should not be converted to such. It is submitted solely to preserve the record for appeal. *SerVaas Inc. v. Mills*, 661 F. App'x 7, 9 (2d Cir. 2016). Please note that I appreciate that while denying the motion to seal, Your Honor exercised commendable restraint by declining to recite, quote, or describe the contents of the prejudicial document.

   As the Court may recall, the June 25, 2025 conference was held for me and Mr. Fallon to inform that a joint motion to seal his filing was sought. Your Honor acknowledged that Judge Kovner previously ruled on a related request. I responded that new facts exist, Fallon joined in the motion to seal and Your Honor informed to file the motion and to note that Fallon did not oppose it.

   I respectfully object to the Order's characterization of the motion as a reconsideration. It was based on materially new facts not before Judge Kovner, including post-Kovner facts of Fallon's deposition testimony that a third party encouraged the filing unrelated to this case, Fallon withdrew the motion he attached the document at issue to before any consideration, and he expressly agreed in his letter on the docket that the document was immaterial and joined in the sealing - supporting the document is not part of the adjudicative process and fails the first prong of *Lubosch*. Further, I believe the Order misapplied controlling precedent under *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019) and *Nixon v. Warner Commc'ns,* 435 U.S. 589 (1978) - both prohibiting court dockets from being used to "gratify private spite or promote public scandal."

                                                Very truly yours,
                                                **LAW OFFICES OF SUSAN CHANA LASK**

                                                <u>/s/ Susan Chana Lask</u>
                                                **SUSAN CHANA LASK**